LINDNER, Respondent, v. DUPONT, Appellant.

(4 N. W.2d 807.)

(File No. 8458. Opinion filed July 3, 1942.)

**Andrew E. Foley,** of Watertown, for Appellant.
**Arthur H. Hasche,** of Watertown, for Respondent.

WARREN, J. ▇ Plaintiff brought this action to assert his right to hold the office of township supervisor of Kranzburg Township, Codington County, South Dakota. He maintains that the defendant, Joseph Dupont, is not entitled to the right or title to said office. Issues were joined and the trial was had before the Circuit Court. The following statement of facts is gathered from the record submitted on this appeal. Kranzburg Township is one of the townships within Codington County, South Dakota. Within said township lies an unincorporated town which was platted into lots and blocks. A plat was filed in the office of the Register of Deeds of Codington County over fifty years ago platting a portion of section 35. Other plats were subsequently filed and the lots and parcels of land adjoining the original platting are in conformity with the original plat and form a part thereof. More than 75 actual bona fide inhabitants live within the platted portion thereof. The plaintiff claims to be an actual bona fide resident within the platted portion of Kranzburg while the defendant is a non-resident and resides upon a farm more than two miles from the platted portions of the town of Kranzburg. At the annual election held on March 5, 1940, Albert Lindner living within the town of Kranzburg was a candidate for re-election. He was opposed by the defendant, Joseph Dupont, who was a resident elector within Kranzburg Township. He resided more than two miles distant from the platted portion of the town of Kranzburg. Dupont received 83 votes, his opponent 56.

The township supervisors declared Dupont elected and installed him in office. Plaintiff Lindner attempted to qualify, claiming that Dupont was not legally qualified to hold such office and that he, the plaintiff, was the only candidate which could have been voted upon for such office. Upon the board of supervisors' refusal to permit him to qualify he brought this action in quo warranto. At the close of the trial before the court, findings, conclusions, judgment and decree were entered in favor of the plaintiff and against the defendant. The defendant has appealed and in his argument states that there is no material dispute as to any of the facts and that the sole question is whether or not that part of SDC 58.0302 which reads: "In any organized civil township containing an unincorporated platted town having seventy-five or more inhabitants, at least one member of such board shall be a resident elector of such town" is constitutional. The constitutionality of this statute being questioned, we examine the constitution for the purpose of ascertaining the rights of the legislature to make this restriction or residential requirement to be qualified to hold the office of a supervisor of the township when there are two of the three supervisors living outside of the town of Kranzburg, holding office at the time of the election. The appellant contends that the legislature has no authority to restrict the right to hold office to persons living within any town within the township or within any particular portion of such township. Article IX of our Constitution among other matters deals with township organization. Section 7 of said Article IX provides as follows: "§ 7. All county, township and district officers shall be electors in the county, township or district in which they are elected; provided, that nothing in this section shall prevent the holding of school offices by any person as provided in section 9, article VII; and provided, further, that the legislature shall have authority to prescribe additional qualifications for superintendent of schools, not inconsistent herewith."

Sec. 7, Art. IX of the constitution of this state prescribes the qualifications of county, township and district officers, and it is without the scope of the authority of the legislature

to fix additional qualifications. Such construction of the constitutional provision is confirmed by the fact that the people of this state in 1906 deemed it necessary to amend this provision of our constitution by providing that "the legislature shall have authority to prescribe additional qualifications for superintendent of schools". By this amendment the people of this state placed their own construction on this portion of our constitution, to the effect, that qualifications in addition to those prescribed therein may be required by the legislature only for the superintendent of schools; as to all other county, township and district officers the legislature is without authority to require additional qualifications.

We are here concerned with a township office. As applied to this office the qualification prescribed by the constitution is that a township officer shall be an elector in the township in which he is elected. SDC 58.0302 attempts to add the additional qualification of being a resident elector of a town within the township. In view of the above construction of Sec. 7, Art. IX of the constitution the legislature is without authority to require this additional qualification, and it follows that SDC 58.0302 is violative of this provision of the constitution.

The judgment appealed from is reversed.

All the Judges concur.